## Case No. 13,265.

### SPRINGER v. FOSTER et al.

[1 Story, 601.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1841.

CONFLICT OF LAWS—ATTACHMENT—INSOLVENCY—RULES OF COURT—PROCESS.

1. The insolvent act of Massachusetts of 1838 (chapter 163) does not dissolve an attachment in the courts of the United States, under the antecedent state laws adopted by congress.

[Cited in Perry Manuf'g Co. v. Brown, Case No. 11,015.]

2. The legislature of Massachusetts can promulgate rules for the state courts only, and cannot affect the validity or effect of process in the courts of the United States.

Assumpsit [by Benjamin H. Springer against Benjamin Foster and trustees]. The principal was defaulted; and the questions arising in the cause respected the liability of the trustees.

C. P. & B. R. Curtis, for plaintiff.

Mr. Fuller, Mr. Rand, and Mr. Fisk, for trustees.

STORY, Circuit Justice. This cause was argued at a former term upon two questions arising upon the facts. The first was, whether an attachment of property upon mesne process, issuing out of the circuit

---

[1] [Reported by William W. Story, Esq.]

court of the United States, was dissolved by the act of the defendant, Foster, in making an assignment under, and taking the benefit of, the insolvent act of Massachusetts of 1838 (chapter 163). The second was, whether the general assignment act of Massachusetts of the 15th of April, 1836 (chapter 238), was repealed by the insolvent debtor act of the same state, of the 23d of April, 1838 (chapter 163).

The latter question is one altogether dependent upon the local statute law of Massachusetts, the construction of which peculiarly belongs to the state tribunals. And as the very point is said to be now pending in judgment before the supreme court of the state, I shall reserve my opinion, until it has been disposed of in that court; for, upon all such questions, the constant habit of the courts of the United States is to follow the decisions of the state courts.

The other question is one peculiarly and properly belonging to this court. And upon it I have not the slightest difficulty. When the state processes and the proceedings thereon were originally adopted by the courts of the United States under the acts of congress, all the incidents thereto, then existing under the state laws, were by implication and intendment of law also adopted. But no changes of the state law, subsequently made, have been ever admitted to change the nature of the process, or the proceedings thereon, or the effects thereof, as they stood at the time of their original adoption, unless so far as they have been sanctioned or adopted by subsequent acts of congress, or by the rules and practice of the courts of the United States in conformity therewith. Such has been the uniform doctrine upon this subject in all the courts of the United States, and it has repeatedly received the sanction of the supreme court. The cases of Wayman v. Southard, 10 Wheat. [23 U. S.] 1; Bank of U. S. v. Halstead, Id. 51; U. S. v. January, Id. 66, note; Ross v. Duvall, 13 Pet. [38 U. S.] 45; Beers v. Haughton, 9 Pet. [34 U. S.] 329; and U. S. v. Knight, 14 Pet. [39 U. S.] 301,—are all in point to show the uniformity, with which this construction has been recognised in the courts of the United States. The insolvent act of Massachusetts of 1838 (chapter 163) could, therefore, have no effect to dissolve an attachment in the courts of the United States under the antecedent state laws, adopted by congress; since the legislature of Massachusetts can promulgate a rule only for the courts of the state, and cannot affect the validity or effect of process in the courts of the United States. This, in substance, was the opinion pronounced at the former argument.

The case must, however, upon the other point stand for the final decision of the supreme court of the state, upon the ground, which was stated when the case was first broken, at the argument at the former hearing.